Daniel M. DeLaus, Jr. Informal Opinion County Attorney No. 2008-6 Monroe County 307 County Office Building 39 West Main Street Rochester, New York 14614
Dear Mr. DeLaus:
You have requested an opinion regarding whether Public Officers Law § 73-b prohibits the elected county sheriff from appearing in public service announcements relating to handicapped parking laws when those announcements are financed with money collected from individuals who have violated the State's handicapped parking laws. As explained more fully below, we conclude that it does.
I. Statutory Background
Public Officers Law § 73-b provides as follows:
 Notwithstanding any other provision of law to the contrary,
 (a) no elected government official or candidate for elected local, state or federal
office shall knowingly appear in any advertisement or promotion, including public or community service announcements, published or broadcast through any print or electronic media (including television, radio and internet) by any private or commercial entity or any other entity that publishes such advertisement for a fee, if the advertisement or promotion is paid for or produced in whole or in part with funds of the state, a political subdivision thereof or a public authority.
 (b) No person shall knowingly use the funds of the state, a political subdivision thereof or public authority to pay for or produce, in *Page 2 
whole or in part, any advertisement or promotion that is prohibited by paragraph (a) of this subdivision. This prohibition shall not apply to otherwise lawful expenditures of public campaign funds specifically provided for under state, federal or local law.
Public Officers Law § 73-b(2).
Section 1203-g of the Vehicle and Traffic Law requires each county and New York City to establish a handicapped parking education program for the purposes of providing education, advocacy, and increased awareness of handicapped parking laws. Vehicle and Traffic Law § 1203-g(1), (2). The program provides funding for activities such as public service announcements, public education and awareness campaigns, distribution of literature, and other similar activities. Id. § 1203-g(2). Each county and New York City must also establish a handicapped parking education fund, which is in the custody of the chief fiscal officer of the municipality. Id. § 1203-g(4). The fund consists of moneys granted to the county or New York City pursuant to Vehicle and Traffic Law §1809-b. Id. § 1203-g(4). Funds from other sources may be deposited in the handicapped parking education fund but must be used in a manner and for purposes consistent with Vehicle and Traffic Law § 1203-g.Id. The moneys of the handicapped parking education fund must be disbursed to provide education, advocacy, and increased awareness of handicapped parking laws. Id. The moneys may be used to execute contracts with private organizations for such purposes. Id.
Pursuant to Vehicle and Traffic Law § 1809-b, whenever handicapped parking laws have been found to have been violated, the court or administrative tribunal must levy a mandatory surcharge of $30.Id. § 1809-b(1). The surcharge is paid to the clerk of the court or administrative tribunal, which then pays $15 to the chief fiscal officer of the county or New York City for deposit to the credit of the handicapped parking education fund. Id. § 1809-b(2). The remainder of the surcharge is used for local criminal justice programs and purposes.Id.
II. Analysis
As described above, Public Officers Law § 73-b prohibits elected government officials from knowingly appearing in advertisements, including public service announcements, if they are paid for with "funds of the state, a political subdivision thereof or a public authority." For purposes of Public Officers Law § 73-b, a "political subdivision" means a county, city, town, village or *Page 3 
district within the State. Public Officers Law § 73-b(1) (a) . The question therefore is whether the portion of the mandatory surcharge collected upon a conviction of a violation of a handicapped parking law that is deposited in the County's handicapped parking education fund constitutes county funds. If it does, the county sheriff, as an elected official, see N.Y. Const. Art. XIII, § 13; County Law § 400(1), is precluded from appearing in public service announcements paid for with moneys from the handicapped parking education fund.
We conclude that the portion of the mandatory surcharge that is deposited in the handicapped parking education fund is county funds. Vehicle and Traffic Law § 1203-g provides that the handicapped parking education fund be in the custody of the County's chief fiscal officer and consists of "moneys granted to such county" by Vehicle and Traffic Law § 1809-b. Vehicle and Traffic Law § 1203-g(4). Thus, section 1203-g itself characterizes the moneys in the handicapped parking education fund as county funds. This characterization is consistent with the judicial recognition of fines and surcharges paid to courts as public funds. See Matter of Murphy, 82 N.Y.2d 491 (1993).
We understand that the question arises because certain documents in the bill jacket to chapter 14 of 2007, by which Public Officers Law § 73-b was adopted, describe section 73-b as a prohibition that bars elected officials from appearing in "taxpayer-funded" advertisements.See, e.g., Memorandum on Governor's Program Bill, at 3 and 6,reprinted in Bill Jacket for ch. 14 (2007). As you have suggested, the handicapped parking education fund is not required to be funded by moneys raised by assessing taxes. (We note, however, moneys received from taxes could be part of the fund, because Vehicle and Traffic Law § 1203-g(4) provides that the County may deposit funds received from sources other than the mandatory surcharge in the handicapped parking education fund.)
The plain language of section 73-b, however, clearly applies to advertisements paid for with "funds of the state, a political subdivision thereof or a public authority," which includes but is not limited to funds raised through taxes. Likewise, the title of section 73-b states that "[a]dvertisements by elected government officials and candidates made with public funds [are] prohibited." There is no indication in the bill jacket documents of any intent to narrow the scope of the statute from the plain meaning of the statutory language. In any event, to the extent there may appear to be a conflict between the bill jacket and the statutory language, the plain language of the statute controls. See Sega v. State, 60 N.Y.2d 183, 190-91 (1983). *Page 4 
This plain reading of section 73-b does not in any way undermine the operation of Vehicle and Traffic Law § 1203-g. The County still can use the handicapped parking education fund for public service announcements relating to the handicapped parking laws, as contemplated by Vehicle and Traffic Law § 1203-g, so long as the advertisements do not include the sheriff.
For the reasons given above, we conclude that Public Officers Law § 73-b prevents the county sheriff from appearing in public service announcements paid for with money from the County's handicapped parking education fund, even when that fund is composed only of mandatory surcharge moneys.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions. *Page 1